**WARNER v
DAYTON POWER & LIGHT CO**

Ohio Appeals, 2nd Dist, Greene Co

No 376. Decided Nov 29, 1932

Ozias & Ozias, Dayton, and W. S. Rhotehamel, Dayton, for plaintiff in error.

Matthews & Matthews, Dayton, for defendant in error.

**BY THE COURT**

From such judgment, error is prosecuted to this court.

Counsel present a very interesting question by this demurrer and have supported their respective contentions with exhaustive and helpful briefs.

We have considered the briefs of counsel with care but shall not attempt to discuss in detail the authorities cited therein, nor to requote all of the sections of our Code which might reflect upon the questions presented. We shall merely announce the conclusions at which we have arrived after a consideration of such authorities and the pertinent sections of the Code.

It may not be amiss, however, to refer to a few general principles governing proceedings under the Workmen's Compensation Law.

In the **118th Oh St Reports, page 1,** in the case of **Industrial Commission of Ohio v Kamroth,** the syllabus is as follows:

"(1) The rights of injured employees and the dependents of killed employees to. participate in the state insurance fund are such, and such only, as are conferred by statutory law.

(2) The provisions of the General Code relating to compensation of injured employees or the dependents of killed employes in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in said insurance fund.

(3) The cause of action of an injured employee accrues at the time he receives the injury in the course of his employment.

(4) The cause of action of a dependent of a killed employee accrues at the time the employe dies from injury received in the course of his employment."

Mr. Riegel was killed on October 14, 1929. The rights of plaintiff in error must be determined under the Code as it existed at the date of the death of her father. It will not be helpful to attempt to distinguish some of the cases cited which were based upon former provisions of the Code.

The reasoning of our Supreme Court in the case of **Industrial Commission of Ohio v Monroe,** reported in **111 Oh St Reports, page 812,** is also helpful in determining the jurisdiction of the Court of Common Pleas in proceedings on appeal from the Industrial Commission.

From the averments in the petition we are warranted in assuming that the defendant in error was not a contributor to the state insurance fund but was what is termed a self insurer and payed into the State fund such sums as are required by law. The presumption arises from the statement in the petition that the plaintiff in error made application to the Industrial Commission for compensation and that her claim was numbered 215685-22 and that a hearing was had thereon which resulted in the Commission finding in her favor as a partial dependent and awarding her $2496 as such partial dependent. The plaintiff in error claims she was wholly dependent upon her said father.

It thus appears from the petition that plaintiff in error was not denied compensation by the Industrial Commission but was allowed compensation as a partial dependent.

Sec 1465-82 GC prescribes the respective amounts that should be awarded those who are wholly dependent upon the deceased and also the amounts which should be awarded those who are partly dependent upon the deceased.

Paragraph 5 of this section also defines what persons shall be presumed to be wholly dependent. Paragraph B of this subdivision is as follows:

"A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death. In all other cases the question of dependency, in whole or in part, shall be determined from the facts in each particular case existing at the time of the injury resulting in the death of such employee * * *."

The Workmen's Compensation Act is entirely a creature of the statute.

We are not authorized to review the wisdom of such legislation but must accept the same as enacted by the legislature.

As above stated **Paragraph B of Subdivision 5 of §1465-82 GC** defines the children who may be considered as wholly dependent upon the deceased.

The averment of the petition is that

plaintiff in error was the sole dependent of Lewis W. Riegel, her father, who is now deceased and that she was solely and totally dependent for support upon him at the time of his injury and death. A pleading which set forth some one or more of the grounds enumerated in **Paragraph B of Subdivision 5 of §1465-82 GC** might be more approved but in the absence of a motion to make the petition more definite and certain, we think upon a demurrer which admits the allegations of the petition that the averment that plaintiff in error was solely and totally dependent for support upon her father should be accepted as sufficient statement of her claim.

Sec 1465-90 GC provides in express terms that where the Commission has denied an applicant the right to share in the fund for want of jurisdiction that upon compliance with the procedural steps indicated in the Section "Such hearing (rehearing) shall be had and evidence for and against the allowance of the claim submitted as in the trial in civil actions."

This specific duty enjoined upon the Commission was not observed in the instant case if the theory of plaintiff in error is sound. Thus, if plaintiff in error has been denied a rehearing if she under the law, was entitled to it, then the action of the Commission amounts to a denial to plaintiff in error of a statutory right to which she is especially entitled. There was no evidence taken as provided in the statute on rehearing. There would be nothing to submit to a jury as is contemplated and there is no subject matter which this court can review upon an error proceeding. The action of plaintiff in error, in our judgment, is clearly mandamus to require the Commission to accord to his client that right to which, under his view of the case, she is entitled under the law.

The petition therefore does not state a cause of action upon which an order could be made that the plaintiff in error is entitled to compensation from the Workmen's Compensation fund and the demurrer was therefore properly sustained.

From a consideration of the petition and the pertinent sections of the code, we cannot escape the conclusion that the demurrer, for the reason above stated, is well taken and the judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.